## WHEELER et ux. v. WALKER.

No. 19824. Opinion Filed Dec. 30, 1930.

C. R. Reeves, for plaintiffs in error.

Raymond B. Everest and John H. Halley, for defendant in error.

HERR, C. Jack Wheeler and Cora Wheeler, defendants below, appeal from the judgment of the district court of Oklahoma county, denying their motion to vacate a judgment rendered against them and in favor of H. Gid Walker. The judgment complained of was rendered in the absence of defendants and their counsel on the 3rd day of March, 1928. Motion to vacate was filed April 6, 1928. The action was to recover on an open account and to foreclose a mechanic's lien.

It is conceded that the defendants were duly and properly served with summons. The record discloses that, on the last day allowed by the summons for answering, defendants filed a motion to make plaintiff's petition more definite and certain. This motion was by the court dismissed for want of prosecution and five days given defendants to answer. Defendants failed so to do, and judgment was, in their absence, rendered against them as above stated.

Defendants, in the main, predicate their motion to vacate the judgment on the ground that they had no notice or knowledge that their motion to make more definite and certain was dismissed for want of prosecution; that the same was taken up in the absence of counsel and without said motion having been regularly assigned for hearing. Defendants, in their motion, concede that notice of hearing said motion was given by publication in the Oklahoma Daily Record, 24 hours prior to the time set for hearing the same. It is apparent from the allegations of their motion to vacate that counsel saw and read this notice. They allege that said notice referred to the title of said cause as Walker v. Wheeler, which was not the correct title; that the correct title of the case was H. Gid Walker v. Jack Wheeler and Cora Wheeler; that the title of the case as published was calculated to deceive, and

that the same did, in fact, deceive and mislead them. There is no allegation in the motion that any other case entitled "Walker v. Wheeler" was then pending in said court. We fail to see in what manner this notice could possibly have misled counsel. He evidently saw and read the notice, and, by the exercise of the slightest diligence, could readily have ascertained the status of his motion. It certainly devolved upon him to show some diligence in the matter. In this he has clearly failed. On the contrary, his motion upon its face, discloses negligence on his part.

The fact that judgment was taken in the absence of counsel can avail him nothing, as there is neither allegation nor proof that plaintiff, or his counsel, was advised that counsel for defendants could not be present on the date judgment was taken. Nor is there allegation or proof to the effect that plaintiff agreed not to take up the case in his absence.

In our opinion, defendants' motion is without merit. It is not bottomed on statutory grounds. It was, however, filed during the same term at which the judgment was rendered. It has been repeatedly held by this court that motions of this character are addressed to the sound discretion of the trial court, and that this court will not reverse the ruling of the trial court thereon in the absence of a showing of abuse of such discretion. Abuse of discretion is not established under the record here presented.

Judgment should be affirmed.

BENNETT, TEEHEE, EAGLETON, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.